### CLARK, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Miami Co

No 353. Decided June 15, 1936

Wilbur D. Spidel, Greenville, for Clarence Miller, plaintiff in error.

Leo H. Faust, Troy, for Wade Shilling, defendant in error.

## OPINION

By HORNBECK, J.

Clarence Miller, as plaintiff in error, complains of an order made by the Court of Common Pleas in case No. 26301, wherein was overruled a motion of plaintiff in error to set aside and quash a writ of execution issued in said cause to the sheriff of Darke County, Ohio, for levy upon the property of said Clarence Miller to satisfy a judgment for costs rendered in said cause against certain exceptors on the 31st day of December, 1934, and in behalf of Wade Shilling, administrator of the estate of Charles W. Clark, deceased, who is the defendant in error in the instant proceeding. The petition in error sets up the following grounds of error:

"FIRST: Said court erred in overruling the motion of Clarence Miller to set aside and quash the writ of execution issued against him for the reason that no judgment for costs was ever rendered against Clarence Miller in said cause to support said writ of execution.

SECOND: Because the trial court in its entry did not hear any evidence in determining the question of whether or not said writ of execution was rightfully executed against the said Clarence Miller and was bound by the pleadings and papers on file in the clerk's office in Miami County, Ohio, which do not show that Clarence Miller was ever a party to said action.

THIRD: Because said judgment overruling the motion of Clarence Miller is without foundation in fact, and manifestly contrary to the record in said cause.

FOURTH: Because said judgment of the Court of Common Pleas in overruling said motion is contrary to law.

FIFTH: Because said writ of execution as issued out of said cause to the sheriff of Darke County, Ohio, against Clarence Miller is void as against said Clarence Miller.

SIXTH: Because said Court of Common Pleas erred in attempting in rendering judgment for the costs in said action originally appealed from the Probate Court of Miami County, Ohio, when said court should have simply dismissed the exceptions heard on appeal and remanded the cause to the Probate Court for further proceedings according to law.

SEVENTH: Because of all other errors and irregularities apparent on the face of the record."

We have before us only the original pleadings and transcript of docket and journal entries in the cause, with no bill of exceptions.

The pertinent facts out of which the questions presented in this error proceeding arise are that Wade Shilling, administrator of the estate of Charles W. Clark, deceased, filed an account as such administrator with the Probate Court of Miami County, Ohio, to which, on the 20th of April, 1932, John J. Ross filed exceptions. Exceptions to the account were also filed by other heirs at law of Charles W. Clark, deceased.

The Probate Court determined said exceptions adversely to John J. Ross and he gave notice of appeal to the Common Pleas Court and filed an appeal bond. Thereafter, while the cause stood in the Court of Common Pleas on appeal, an entry was spread upon the record, naming Henry S. Hurley, Elizabeth Miller, Ida Albaugh, Ella

Nicodemus, Mary C. Knoop, Emma Hahn, et al, together with John J. Ross, as exceptors to the account of Wade Shilling, administrator. Various orders were thereafter made in the Common Pleas Court and finally, on March 6, 1933 the matter came on for hearing before a judge of the Court of Common Pleas, who sustained some and overruled other of the exceptions. Thereafter error was prosecuted from the judgment of the Common Pleas Court on the exceptions to the account and on January 29, 1934 this Court of Appeals reversed the judgment of the Common Pleas Court and remanded the cause. The judgment entry was as follows:

"The said parties appeared by their attorneys, and this cause came on to be heard upon the petition in error of the said Wade Shilling, administrator of the estate of Charles W. Clark, deceased, plaintiff in error herein, together with the original papers and pleading and a duly certified transcript of the orders and judgment of the Court of Common Pleas of Miami County, Ohio, filed therewith in the said cause wherein John J. Ross, Henry Hurley, Elizabeth Miller, Ida Albaugh, Ella Nicodemus, Mary C. Knoop, Emma Hahn, Dallas Shearer and Bessie Shearer Houser, and Clarence Miller were the appellants from the Probate Court of Miami Co., O., overruling the exceptions filed against the account wherein Wade Shilling, the defendant in error herein, was administrator and appellee, mentioned and referred to in said petition in error, and was argued by counsel: Upon consideration where of the court finds that in the record and proceedings aforesaid there is error manifest upon the face of the record to the prejudice of the plaintiff in error, in this, to-wit:

Among other things said Court of Common Pleas, in the trial of said cause, refused to admit certain evidence, to-wit:— the testimony of the attorneys representing said exceptors, offered by said plaintiff in error, to establish an agreement by which said exceptors, the defendants in error herein, authorized their said attorneys to approve said account to which exceptions were taken.

It is therefore considered, ordered and adjudged by this court, that the judgment and proceedings of the said Court of Common Pleas, in said proceedings in favor of the said defendants in error and against the said plaintiff in error be, and the same hereby are, set aside reversed and held for

naught, and that the said plaintiff in error be restored to all things which he has lost by occasion of the said judgment:

That the said action be, and it hereby is, remanded to said Court of Common Pleas of Miami County, Ohio, to be proceeded in according to law, and the rights of said parties;

That the said defendant in error pay the costs of this proceeding in error to be taxed, and in default thereof that an execution issue therefor; and

That a special mandate and writ of procedendo be sent to the Court of Common Pleas to carry this judgment and order for costs into execution."

This entry is signed by all three members of this court and by Leo H. Faust and W. A. Haines, plaintiff's attorneys, and by U. Grant Earnest and William Harry Gilbert, defendants attorneys. This entry provided among other things that the action be remanded to the Court of Common Pleas of Miami County, Ohio, to be "proceeded in according to law" and the rights of the parties and that the defendant in error pay the costs of this proceeding in error to be taxed and in default thereof that an execution issue therefor. Thereafter the matter again came on for hearing before a judge of the Court of Common Pleas of Miami County, and Mary C. Knoop, Emma Hahn, Ida Albaugh and Elizabeth Miller upon application were dismissed as party exceptors and the cause proceeded to hearing, whereupon the trial judge found against the exceptors and in favor of the administrator and ordered and adjudged that said cause and appeal be dismissed at the cost of the said John J. Ross and all other exceptors and parties herein taxed at $......, to which findings, rulings, order and judgment of the court the said John J. Ross and all other parties herein do by their counsel except.

On April 23, 1935, an execution, No. 2740 was issued on the above judgment to the sheriff of Darke County, Ohio, against Clarence Miller, plaintiff in error, and return duly made on said execution. On May 17, 1935 the plaintiff in error, by his attorney, filed a motion in the Common Pleas Court of Miami County, Ohio for an order setting aside, vacating and holding for naught the writ of execution theretofore issued against plaintiff in error and for a finding that the plaintiff in error was not a party to the exceptions filed to the account of the administrator, and that the judgment

theretofore rendered in Common Pleas Court did not apply to the plaintiff in error.

Upon hearing this motion was overruled and thereafter, on the 6th of July, 1935, plaintiff in error filed another motion for rehearing on his motion of May 17, 1935 and to strike from the files the entry of the Common Pleas Court of date July 2, 1935 overruling the motion of plaintiff in error to quash service of execution, etc.

This last motion sets up seven grounds which, upon consideration by the Common Pleas Court, were also overruled. It is from the action of the trial court upon these motions that error is prosecuted.

We shall not undertake to discuss the questions raised seriatim, but generally, The basis of the claim of plaintiff in error in this court and in the Common Pleas Court is that no judgment was entered against him; that he was not properly designated in the judgment entry as a party against whom judgment was entered, and that as a matter of fact he was at no time an exceptor to the account of the administrator. This last question must be resolved against the plaintiff in error ▆▆▆▆▆ as a factual question, inasmuch as we have no bill of exceptions, and the transcript of the testimony taken in Common Pleas Court was available to the trial judge. Other questions raised by the motions in Common Pleas Court must go out also because of the failure to file a bill of exceptions. Among these are the claims that counsel for plaintiff in error had no notice of the preparation, approval and journalizing of the entry of July 2, 1935 overruling the motion to vacate the execution and that the entry and order overruling the motion of July 2, 1935 was without foundation in fact and in law.

It reasonably appears that the motion of date May 17, 1935 was grounded upon the basic proposition that the judgment upon which the execution was issued against the plaintiff in error was insufficient in law, i.e., in form, in that the plaintiff in error was not shown to be a party to the judgment and further that it was unwarranted and improper in fact because the plaintiff in error was at no time a party to the proceeding and at no time was represented by counsel in his behalf. This latter question may have been determined by the trial court upon the record of testimony taken in the second trial in Common Pleas Court.

We are not here concerned with a claim made by a third party, who has been misled by failure of the records to show that the plaintiff in error was a party defendant in the judgment upon which the execution was issued. The sole question is whether or not the plaintiff in error can be heard to say upon this record that he is not a party to the judgment. He does not specifically appear by name in the caption at the time that the judgment was entered, nor does he appear in the caption pleadings or entries at any time in the Probate Court or Common Pleas Court. However, in the judgment entry from the Court of Appeals he is mentioned by name as an appellant from the Probate Court and, though no judgment is specifically entered against him in that ▆▆▆▆▆ court, this is a recitation which, unmodified, would bind him as a party in that court as an exceptor to the account of the administrator.

It is said in Freeman on Judgments, Vol. I, page 139:

"* * * the parties may be designated generally as the plaintiffs or the defendants, provided a reference to the caption or the pleadings, process and proceedings in the action makes certain the names of the parties thus designated." Citing many cases to support the text.

When, then, the Common Pleas Court, upon further hearing of the application to which the plaintiff in error was a party from the overruling of the exceptions to the account in Probate Court, entered judgment against John J. Ross and all **other exceptors** and parties, it would appear that this would be sufficiently broad to include the plaintiff in error. To epitomize—we say that there was a judgment against the named parties and other **exceptors** and that the trial judge having held against Clarence Miller it follows that he must have found in fact that Clarence Miller was an "other exceptor."

In the motion for rehearing on the motion of May 17, 1935 another proposition was urged by the plaintiff in error, namely, that the judgment entry of December 31, 1934, from which the execution complained of was issued was irregular in attempting to tax the costs incurred in Probate Court of Miami County, Ohio, and collect them on execution out of the Common Pleas Court in the matter on appeal, contrary

to the statutes of the State of Ohio, applicable thereto. This claim is grounded upon §11211 GC, which in part provides:

"Upon the decision of a cause, appealed to the Court of Common Pleas, the clerk shall make out an authenticated transcript of the order, judgment and proceedings of such court therein, and file it with the Probate Judge, who shall record it, and the proceedings thereafter be the same as if such order, judgment, and proceedings had been had in the Probate Court."

It is contended that because of this section there is no judgment in the Common Pleas Court upon which an execution can be issued, and that until the section heretofore quoted is complied with and the transcript is filed in the Probate Court, there is no judgment upon which to predicate the execution, and that it should issue only from the Probate Court.

There is no doubt that a transmittal of the order of the Common Pleas Court by an authenticated transcript is the regular and approved procedure and that which is contemplated by the section heretofore quoted, and such procedure should have been adopted in the instant cause. It was not however done and the question presented is whether or not the claimed judgment in the Common Pleas Court upon which execution was issued is a nullity. If it is not a nullity, then the motions of the plaintiff in error would not properly raise the question, as the motion to vacate the execution would be but a collateral attack on the judgment if it has any standing as such.

We are of opinion that the judgment as it appears is at the most an irregularity and not a void judgment. §11211 GC characterizes the action taken in the Common Pleas Court as an order and judgment and the authenticated transcript thereof which is to be transmitted to the Probate Court is but a transcript of an order and judgment made in the Common Pleas Court.

We learn from the brief of counsel for the administrator that nothing is claimed on the execution for costs incurred in the Probate Court. Granted that this is true, we see no insurmountable .objection to the issuance of an execution upon the judgment of the Common Pleas Court, covering only costs incurred in that court and

on the appeal to the Court of Appeals, from which a mandate came to the Common Pleas Court reciting the names of the exceptors including the plaintiff in error. Of course, the original bond given by Mr. Ross in Probate Court is available to apply to payment of the costs.

Counsel for the administrator urges that the proceedings in error should be dismissed because there is no proper party plaintiff, and that the style of the case carried "In the Matter of the Estate of Charles W. Clark," deceased, is not contemplated by our code.

on the appeal to the Court of Appeals, from

It is not unusual for cases which have originated under the style of "In the Matter of the Estate, etc.," to proceed through all courts under that title, where a proper party. has perfected the proceedings in error.

The order and judgment of the Common Pleas Court will be affirmed.

BODEY, J, concurs.
BARNES, PJ, dissents.

## DISSENTING OPINION

By BARNES, PJ.

It is regrettable that I am unable to agree with my associates in the determination of this cause.

In order to make my position understandable I find it necessary to present a rather full statement.

As stated in the original opinion the action originated in the Probate Court on exceptions to the final account of the administrator. The transcript of the docket and journal entries in the Probate Court disclose that one of the heirs, John J. Ross, filed the first exception. Afterwards another heir, Harry J. Ross filed exceptions. Later, upon motion, the two exceptions were consolidated. None of the other eight heirs filed exceptions. In the Probate Court the exceptions were overruled. An appeal was taken by the exceptor, John J. Ross, to the Common Pleas Court. He perfected his appeal by giving the requisite bond.

In the Common Pleas Court we find the following entry:

"This matter coming on to be heard upon the motion of Henry S. Hurley, Elizabeth Miller, Ida Albaugh, Ella Nicodemus,

Mary C. Knoop, Emma Hahn, et al, and the evidence, the court finds that by a written agreement between the above named heirs and John J. Ross, that at the time, the said John J. Ross, filed his exceptions and amended exceptions, to the account of Wade Shilling, administrator of Charles W. Clark, deceased, in the Probate Court, of Miami County, Ohio, that he also represented and filed the exceptions for the above named heirs, and that said exceptions and amended exceptions, became the exceptions of the above named heirs."

(Emphasis mine).

It will be noted that the plaintiff in error in the present proceeding in our court is not named as one being joined with John J. Ross as an exceptor. In our judgment the words "et al" are meaningless unless properly connected up so as to bring in Clarence Miller as a party.

On hearing in the Common Pleas Court the exceptions were sustained and thereafter the administrator filed petition in error in the Court of Appeals naming all heirs including Clarence Miller as defendants in error. This is the first instance in which we find the name Clarence Miller mentioned in any of the litigation. It was not within the power of the administrator, through petition in error, to draw into the case an heir who was not previously a party.

The attempt so to do was a nullity.

When the case was heard in our court, we found prejudicial error in the trial court's refusal to permit certain evidence to be introduced and remanded the cause to the Court of Common Pleas for further hearing. The journal entry in our court, through inadvertence recites that all of the ten heirs were appellants from the Probate Court of Miami County, Ohio. I say this is an inadvertence for the reason that the transcript of docket and journal entries disclose that Clarence Miller and some others were not named as appellants. The case in our court was heard upon the record of the trial court and the same transcript of docket and journal entries as are presented in the present hearing. This recital in the journal entry naming Clarence Miller is harmless since it is nothing more than a recital and can have no more effect than had the Queen of Sheba been mentioned as an appellant. Clarence Miller not having in fact been an exceptor or an appellant will not be bound by any

order made in any court. It is fundamental that before any judgment can be entered against anyone, he must be in court either by entry of appearance, through process or filing of pleading.

When the case went back to the Common Pleas Court, upon hearing, the exceptions were overruled and the appeal dismissed. The pertinent portion of this entry reads as follows:

"And that said cause be and the same is hereby dismissed at the cost of said John J. Ross and all other exceptors and parties herein taxed at $......."

Upon this judgment and none other execution was issued to the sheriff of Darke County seeking to make from the property of Clarence Miller, and none other, all the costs made in all the courts from the time of the filing of the original exceptions by John J. Ross until the final decision dismissing the exceptions.

It must be noted that the judgment for costs does not mention Clarence Miller by name. It says "John J. Ross and all other exceptors and parties herein."

Following the issuing of execution Clarence Miller through his counsel filed motion to set aside and quash the execution on the ground that no judgment had been entered against him and the further claimed ground that he was not an exceptor. The Common Pleas Court overruled this motion to quash and the cause is now before this court challenging the correctness of the ruling in the court below. The question of fact is uncontroverted that no judgment has been entered against Clarence Miller by name. It is suggested that he may be included in the "et al" mentioned in the journal entry directing that certain heirs on their application be joined as exceptors. With equal logic it may be said that he may not be included in the "et al." If in fact, he is included in the "et al" that might be a predicate in a proper proceeding for entering judgment, but it does not constitute a judgment. I have no quarrel with the citation from Freeman on Judgments, Volume 1, page 139 quoted in full as follows:

"the parties may be designated generally as the plaintiffs or the defendants, provided a reference to the caption or to the pleadings, process and proceedings in the

action makes certain the names of the parties thus designated."

The difficulty is that the facts in the instant case do not fit.

The majority opinion also hold to the view that since no bill of exceptions is filed, this court must hold against the plaintiff in error on the factual question. The query at once arises as to what is the pertinent factual question and the answer obviously is, was there a judgment against Clarence Miller. I am unwilling to concede that on the motion to quash the execution, the trial court could predicate his finding on a possible determination that there should have been a judgment against Clarence Miller.

Even if this query would be pertinent, I think that the transcript of docket and journal entries disclose that the trial court heard and determined the motion to quash on the transcript of the docket and journal entries and no other evidence. It is true that the entry recites that the court made its findings upon the pleadings, evidence, arguments and brief of counsel. but previous entries disclose that counsel agreed to submit the motion without additional testimony. Counsel in drafting the entry incorrectly use the word "evidence" as referring to the previous record instead of correctly using the terms "transcript of docket and journal entries."

However, in my judgment, this becomes immaterial for the reasons above stated that any evidence supporting the conclusion that the evidence should have been returned against Clarence Miller was not properly before the court. In the execution purported to be issued upon a judgment, the only pertinent inquiry is was there a judgment.

I am also inclined to the view that even if the proceedings and judgment were in all respects regular against the plaintiff in error, yet no order of execution should issue from the Court of Common Pleas. §11211 GC prescribes the procedure on appeal from the Probate Court. This section reads as follows:

"Upon the decision of a cause, appealed to the Court of Common Pleas, the clerk shall make out an authenticated transcript of the order, judgment and proceedings of such court therein, and file it with the probate judge, who shall record it, and the proceedings thereafter be the same as if such order, judgment, and proceedings had been had in the Probate Court."

I am constrained to the view that the judgment of the trial court should be reversed.

## ON APPLICATION FOR REHEARING

Decided Sept 17, 1936

By THE COURT

Submitted on application for rehearing consisting of nine grounds.

We have carefully gone over the claims upon which the application for rehearing is grounded and believe that no good purpose would be served by protracting the original opinion further. We undertook to discuss all the questions urged on the application for rehearing and though we appreciate that there are some very close questions of law, upon the whole we are satisfied with the conclusion heretofore reached.

It may be that there are some matters over and beyond the record which did not properly come to our attention, which would require some modification of statements made in the original opinion. However, we are satisfied that upon the record as it came to us and upon the implications which we had the right to draw, we made no misstatement of fact.

The application for rehearing will be overruled.

HORNBECK and BODEY, JJ, concur.